Argued and submitted December 5, 1980, affirmed February 17, 1981

# STATE ex rel ROBERTS
*Respondent,*
*v.*
# HENRY H. MILLER, CONTRACTORS, INC.,
*Appellant.*

(No. L78-1430, CA 17208)

623 P2d 1081

James G. Richmond, Roseburg, argued the cause for appellant. With him on the brief was Geddes, Walton, Richmond, Nilsen & Smith, Roseburg.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor

General, and Jennifer Weiland, Certified Law Student, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

This action was brought by the state as the assignee of a wage claim by an employee of the defendant. ORS 652.330(1)(b). The claim was for the difference between what was alleged to be the prevailing wage rate for the assignor in Douglas County and what was actually paid, plus the statutory penalty (ORS 652.230(1) and attorneys fees. Defendant answered with a general denial and two affirmative answers and defenses, the first being that the wage rate was agreed upon between the employee and the defendant and the second being a claim that the commissioner had failed properly to determine "the prevailing rate of wage" in the "locality" in which the work, labor and services were performed. Former ORS 279.350;[1] former ORS 279.348(2).[2]

Judgment was entered against the defendant for unpaid wages, penalty and costs and disbursements, including an attorney's fee. Defendant appeals and makes five assignments of error. All of them relate to the second affirmative answer and defense referred to above, *i.e.,* that the commissioner had not properly determined "the prevailing rate of wage" in the "locality."

In early 1976, defendant bid for and was awarded a contract with Douglas County for the construction of a portion of a county road. Contained in the bid and contract was a clause entitled "Schedule of Minimum Hourly Rates," which reads in pertinent part:

> "The minimum hourly wage rates applicable to the work to be done under this contract are those prescribed under the provisions of ORS 279.348 through 279.356 and the laws amendatory thereto."

---

[1] ORS 279.350:

"The hourly rate of wage to be paid by any contractor or subcontractor to workmen upon all public works shall be not less than the prevailing rate of wages for an hour's work in the same trade or occupation in the locality where such labor is performed. ***"

[2] ORS 279.348(2):

"(2) 'Locality' means the largest city and its immediate vicinity in the county or counties in which the public work is to be performed."

Purporting to act in accordance with ORS 279.359, the commissioner had previously determined the prevailing hourly rates for Douglas County and had published them in a document entitled "Prevailing Journeyman Wage Rates in Oregon." Defendant does not claim that it did not know or could not have known of that publication; nor does defendant claim that it was not bound by the quoted contract provision. Instead it claims that the commissioner's determination of the prevailing wage rate was invalid because it was not done in compliance with the statute. Having agreed to be bound by the wage determination, defendant could not challenge it in this action at law brought by the assignee of a wage claim.

Affirmed.